**Maryann HANNA, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–2303.

United States Court of Appeals, Second Circuit.

Dec. 31, 2003.

Monica R. Jacobson, Alvy & Jacobson, New York, NY, for Appellant.

Jeff Goldberg, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; Emily Berger & Linda A Lacewell, Assistant United States Attorneys, of counsel), New York, NY, for Appellees.

Present: OAKES, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Familiarity with the facts and procedural posture of this appeal is assumed.

Petitioner-appellant Maryann Hanna ("Hanna") challenges an order of the United States District Court for the Eastern District of New York (Gershon, J.), denying her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In her petition, Hanna argued that both her first and second counsel had provided constitutionally ineffective assistance. The district court determined that Hanna's claim against her first counsel was procedurally barred because it had not been raised on direct appeal. Nevertheless, the district court considered the merits of the claim and determined that Hanna's assertion that her first counsel's ineffective assistance forced her to plead guilty was "directly contradicted by Hanna's sworn statements ... that she was pleading guilty of her own free will and that no one had ... forced her to plead guilty." The district court also dismissed Hanna's claims against her second counsel on the merits. In a November 12, 2002 order, this Court granted a certificate of appealability ("COA") on the issue of whether Hanna's second counsel was constitutionally ineffective for failing to raise the ineffectiveness of fair counsel on direct appeal. For the reasons stated below, we VACATE the order of the district court, and REMAND for further proceedings in accordance with this order.

In her § 2255 petition, Hanna alleged that her first counsel, who advised her during the period in which she cooperated with the government, had an impermissible conflict of interest, and thereby provided constitutionally ineffective assistance. Specifically, Hanna contends that, her first counsel: (i) had an improper association with Mike Rabadi, a convicted felon and government informant; (ii) allowed Rabadi to provide information to the government about Hanna's case as part of his cooperation proceedings; (iii) did not disclose to her the fact that he was representing Rabadi's co-defendants in their pending prosecutions; and (iv) did not disclose to her Rabadi's status as a government informant.

■ The habeas court, relying on Billy–Eko v. United States, 8 F.3d 111 (2d Cir. 1993), then the prevailing precedent in this Circuit, determined that this claim was procedurally barred because it had not been raised on direct appeal. In April 2003, however, the Supreme Court's decision in Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003), abrogated Billy–Eko by holding that ineffective assistance of counsel claims could be brought in a collateral proceeding in the first instance. In light of Massaro, there is now reason to disagree with the habeas court's resolution of Hanna's ineffective assistance of counsel claim against her first counsel, and moreover, reason to conclude that the issues presented in her petition and appeal are "adequate to deserve encouragement to proceed further." Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir.2003). Accordingly, we now amend the November 12, 2002 COA to include Hanna's claims of ineffective assistance of counsel as against her first counsel.

■ In so doing we face the question of whether to rule on this claim in the first instance. See Massaro, 123 S.Ct. at 1696 (noting that, provided that the record below is sufficient to rule on the merits, ineffective assistance claims need not be reserved exclusively for collateral review and may be reviewed on direct appeal). Below, the district court found that, Han-

na's guilty plea contradicted her allegations regarding first counsel's ineffective representation. We, however, find that the record below does not establish conclusively that Hanna knew or understood that, by submitting a guilty plea, she would waive her right to challenge first counsel's ineffective assistance. Moreover, we find that there is insufficient record evidence on first counsel's performance to review the claim on the merits. We decline to address these issues on direct appeal, and instead, remand this claim to the court below to conduct the necessary fact-finding as to the nature of the alleged conflict of interest and Hanna's knowledge of her rights at the time of her guilty plea.

■ In her § 2255 petition, Hanna also lodged an ineffective assistance of counsel claim against her second counsel. Specifically, Hanna argued that her second counsel was constitutionally ineffective for failing to argue on direct appeal that first counsel was conflicted and thereby rendered ineffective assistance during Hanna's cooperation proceedings with the government. The habeas court, upon finding that it was not procedurally barred, dismissed the claim on the merits. Hanna now appeals from that determination. We affirm the district court's dismissal of the claim, albeit on different grounds. Under *Massaro*, counsel need not raise an ineffective assistance of counsel claim on direct appeal, as such claims "should ordinarily be litigated in the first instance in the district court." *Id.* at 1694 (internal quotations and citation omitted). Accordingly, second counsel was not ineffective for failure to raise the ineffective assistance claim against first counsel on direct appeal.

Hanna's allegations regarding her first counsel's assistance, however, raise other questions concerning the adequacy of second counsel's representation. Particularly, we are concerned about the sufficiency of second counsel's advice regarding Hanna's decision to enter a guilty plea and the terms thereof. Again, however, the scant record evidence does not permit us to evaluate second counsel's representation prior to and during Hanna's guilty plea. Accordingly, we instruct the court below to conduct the necessary fact-finding.

For these reasons, the judgment of the district court is VACATED and REMANDED.